IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VIRGIL BEAGLES, DWAYNE BEAGLES,
PATRICIA BEAGLES, AMANDA BEAGLES,
ARLIN GAMBEL and LINDA GAMBEL, and
WAYNE MAHY,

         Plaintiffs,

v.                  No. CIV 08-753 MV/RHS

TIMBERON WATER & SANITATION DISTRICT;
MEL LONG, DICK DYSART, GLENDA GENTRY
in their individual capacity and said capacity as Directors,
BILL CURTIS and BONNIE STARR in their official
capacity; SUZANNE HAISLEY, MARY HAMILL,
BETTY JEAN BERGSTROM, ERMA JEAN BRADSHAW,
SUSIE SIMMS; YVONNE ROSS, JOE WHEELER,
LAWRENCE and HENRIETTA CHURCH,
KRISTINE WHEELER; KEN BRADSHAW;
DONNA RICHARDSON, EVA DYSART and
JANET EBBS in their official capacity as paid
employees or contractors,

         Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Individual Defendants' (Mel Long, Dick Dysart and Glenda Gentry) Motion to Dismiss (Doc. No. 5, filed October 10, 2008). For the reasons stated below, the Court will **GRANT** the Motion.

Plaintiffs are qualified electors and property owners within the Timberon Water and Sanitation District ("Timberon"). (Complaint ¶ 4, Doc. No. 1, filed August 15, 2008). Defendants Long, Dysart and Gentry ("Individual Defendants") are elected directors of Timberon. (*Id.* ¶ 4). Plaintiffs allege that the Individual Defendants violated their civil rights by "intentionally set[ting] up voter eligibility requirements for non resident qualified electors to vote by absentee ballot which are

considerably more restrictive than absentee voting for residents." (*Id.* ¶ 8).

The Individual Defendants seek an order dismissing Plaintiffs' Complaint against them in their individual capacity with prejudice on the ground that they are entitled to legislative immunity. (Motion at 1; Memorandum in Support 2-6, Doc. No. 7, filed October 10, 2008).

"Local legislators are entitled to absolute immunity from § 1983 liability for their legislative activities." *Kamplain v. Curry County Bd. Of Comm'rs,* 159 F.3d 1248, 1250 (10th Cir. 1998). Legislative immunity "extends to legislators only when they are acting in the sphere of legitimate legislative activity." *Id.* at 1251. Legislators are not entitled to absolute legislative immunity when they act in an administrative capacity. *Id.* at 1252.

Plaintiffs argue that the Individual Defendants "did not vote to adopt an election procedure required by an interpretation of state law or to act in a statutory manner. Rather, [they] set a procedure for voting which was administrative in nature and not subject to a claim of legislative immunity." (Response at 6, Doc. No. 8, filed October 27, 2008). Plaintiffs do not cite any authority for the proposition that setting voting procedures is administrative and not legislative.

"The essentials of the legislative function are the determination of the legislative policy and its formulation and promulgation as a defined and binding rule of conduct." *Kamplain,* 159 F.3d at 1251 (*citing Prentis v. Atlantic Coast Line Co.*, 211 U.S. 210, 226 (1908) ("Legislation . . . looks to the future and changes existing conditions by making a new rule, to be applied thereafter to all or some part of those subject to its power.")). Administrative acts, however, do not concern the enactment or promulgation of public policy. *See id.* (awarding bids and purchasing county property whereby the Board of County Commissioners applied known rules and legislation to make an administrative business decision is essentially an administrative or executive function).

Plaintiffs complain that the Individual Defendants set unreasonable voter eligibility requirements thereby violating their constitutional rights. Those requirements are new rules of conduct that changed the existing voting procedure and apply thereafter to non-resident qualified electors that wish to vote by absentee ballot. The Court concludes that the setting of the voting procedures by the Individual Defendants was a legislative act. Defendants Mel Long, Dick Dysart and Glenda Gentry are entitled to legislative immunity from § 1983 liability for their legislative activities.

**IT IS SO ORDERED.**

Dated this 15th day of May, 2009.

_____
**MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiffs:*

J. Robert Beauvais
P.O. Box 2408
Ruidoso, New Mexico 88345

*Attorneys for Defendants:*

Kelly Mack Cassels
Ian D. McKelvy
Octavio L. Sanchez
P.O. Box 550
Roswell, NM 88202-0550